MEMORANDUM **
Susy Wahjuningsih Limanto, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing her appeal from an immigration judge’s (“IJ”) decision denying her application for asylum, withholding of removal, and protection under the Convention Against Torture (“CAT”), and Limanto’s husband, Januar Abadi, and two children (“the Abadis”) petition for review of the BIA’s order denying their motion to reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the denial of an application for asylum, withholding of removal, and relief under CAT, Zehatye v. Gonzales, 453 F.3d 1182, 1184-85 (9th Cir.2006), and we review for abuse of discretion the denial of a motion to reopen, Iturribarria v. INS, 321 F.3d 889, 894 (9th Cir.2003). We deny the petitions for review.
The IJ denied Limanto’s asylum application as time barred. Limanto does not challenge this finding.
Substantial evidence supports the IJ’s determination that the harm Li-manto suffered did not rise to the level of past persecution. See Hoxha v. Ashcroft, 319 F.3d 1179, 1181-82 (9th Cir.2003). Even if the disfavored group analysis set forth in Sael v. Ashcroft, 386 F.3d 922, 927-29 (9th Cir.2004) applies in the context of withholding of removal, Limanto failed to demonstrate that it was more likely than not she will be persecuted if she returns to Indonesia. See Hoxha, 319 F.3d at 1184-85. Accordingly, Limanto’s withholding claim fails.
Substantial evidence supports the IJ’s denial of CAT relief because Limanto failed to demonstrate that it is more likely than not that she will be tortured if she returns to Indonesia. See El Himri v. Ashcroft, 378 F.3d 932, 938 (9th Cir.2004).
The BIA did not abuse its discretion in denying the Abadis’ motion to reopen. See Mendez-Gutierrez v. Ashcroft, *638 340 F.3d 865, 869-70 (9th Cir.2003) (“prima facie eligibility for the relief sought is a prerequisite for the granting of a motion to reopen”); see also Lolong v. Gonzales, 484 F.3d 1173, 1181 (9th Cir.2007) (en banc) (asylum eligibility requires showing that applicant likely to be specifically targeted); Nuru v. Gonzales, 404 F.3d 1207, 1216 (9th Cir.2005) (CAT applicant must establish that it is more likely than not that he would be tortured in the country of removal).
PETITIONS FOR REVIEW DENIED.-

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.